**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CRIMINAL ACTION NO. 07-47-JBC**

**UNITED STATES OF AMERICA,**                                                              **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**HENRY THURMAN, IV,**                                                              **DEFENDANT.**

**\* \* \* \* \* \* \* \* \***

This matter is before the court on Thurman's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (R. 46).  Because such a reduction is not warranted under the law of this Circuit due to Thurman's career offender status, the court will deny the motion.

Thurman is currently incarcerated.  The court originally imposed a sentence of 108 months on September 23, 2009, for violations of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(A), and later reduced that sentence to ninety-six months.  In response to Thurman's most recent request, the United States Probation Office recalculated his sentencing range pursuant to the November 1, 2011, Crack Cocaine Amendments and determined that the range remained 262 to 327 months based on his status as a career offender under USSG § 4B1.1.

A defendant who otherwise qualifies as a career offender under the Sentencing Guidelines but who received a downward departure pursuant to USSG § 4A1.3 is not eligible for the sentence reduction contemplated by the Fair Sentencing Act because the "applicable guideline range" contemplated by USSG §

1

1B1.10 was that guideline range that applies before the sentencing court grants any discretionary departures. *See United States v. Pembrook*, 609 F.3d 381, 387 (6th Cir. 2010). Even though Thurman's downward departure was received under USSG § 5K1.1 rather than § 4A1.3, the same reasoning applies here, as both are discretionary departures by the sentencing court after the court has determined the applicable guideline range pursuant to § 1B1.10. While Thurman is correct that there is a circuit split on this issue, and that other courts have not considered themselves bound to use the guideline calculation prior to downward departures in determining whether a defendant is eligible for a sentence reduction, this court is bound to follow the Sixth's Circuit's analysis and holding in *Pembrook*. Accordingly,

**IT IS ORDERED** that Thurman's motion for sentence reduction (R. 46) is **DENIED**.

Signed on December 5, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY